**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Ferguson, ) | No. 2:07-CV-01872-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are the Motion for Summary Judgment of Plaintiff Scott Ferguson (Dkt. # 11) and the Cross-Motion for Summary Judgment of Defendant Michael J. Astrue, Commissioner of Social Security (Dkt. # 14). For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendant's cross-motion.

**BACKGROUND**

In early 2004, Plaintiff applied for disability benefits, alleging a disability onset date of February 7, 1997. (*See* R. at 26; R. at 62.) Plaintiff's claim was denied both initially and upon reconsideration. (*See* R. at 26; R. at 55-59.) Plaintiff appealed to an Administrative Law Judge ("ALJ"). (*See* R. at 26; R. at 45.) Claimant later amended his alleged onset date to be February 1, 2004. (*See* R. at 26; R. at 142.)

In evaluating whether Plaintiff was disabled, the ALJ undertook the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520 (2003).[1] (R. at 26-35.) At step one, the ALJ determined that Plaintiff was not engaged in substantial gainful activity. (R. at 27.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of "status post left tibial fracture, mood disorder, polysubstance dependence disorder, hepatitis C, and degenerative disc disease." (R. at 27-28.) At step three, the ALJ determined that none of these impairments, either alone or in combination, was severe enough to meet or equal any of the Social Security Administration's listed impairments. (R. at 28.)

At step four, the ALJ made a residual functional capacity ("RFC")[2] determination for Plaintiff's physical and mental capabilities. The ALJ first concluded that Plaintiff has the physical RFC to perform medium exertional work, with the limitation of only occasional climbing. (R. at 29.) The ALJ then concluded that Plaintiff's mental RFC limited him to low

---

[1]Under that test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007) (internal citations and quotations omitted).

[2]RFC is the most the claimant can do despite the limitations caused by his impairments. *See* SSR 96-8p (July 2, 1996).

- 2 -

1  stress work (involving low pace and production and minimal use of judgment), simple
2  repetitive tasks, and minimal interpersonal contact. (R. at 32.) The ALJ thus determined that
3  Plaintiff retained the RFC to perform his past relevant work as a car wash technician. (R. at
4  33-34.) The ALJ also reached step five, determining that Plaintiff could perform a
5  significant number of other jobs in the national economy that met his RFC limitations. (R.
6  at 34.) Therefore, the ALJ concluded that Plaintiff was not disabled. (*Id.*)

7  The Appeals Council declined to review the decision. (R. at 6-8.) Plaintiff filed the
8  complaint underlying this action on October 1, 2007, seeking this Court's review of the
9  ALJ's denial of benefits.[3] (Dkt. # 1.) Plaintiff filed his Motion for Summary Judgment on
10 May 19, 2008. (Dkt. # 11.) Defendant filed his Cross-Motion for Summary Judgment on
11 June 18, 2008. (Dkt. # 14.)

**DISCUSSION**

**I.   Standard of Review**

14 A reviewing federal court will only address the issues raised by the claimant in the
15 appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).
16 A federal court may set aside a denial of disability benefits only if that denial is either
17 unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d
18 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a
19 preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which,
20 considering the record as a whole, a reasonable person might accept as adequate to support
21 a conclusion." *Id.* (quotation omitted).

22 However, the ALJ is responsible for resolving conflicts in testimony, determining
23 credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.
24 1995). "When the evidence before the ALJ is subject to more than one rational

---

[3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) (2004) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

1 interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

**II.    Analysis**

Plaintiff makes two arguments to this Court, but those arguments are predicated on factual assertions that are simply incorrect. First, Plaintiff points out that he had global assessment of functioning ("GAF") scores around 50. (Dkt. # 13 at 3; *see* R. at 326, 331, 341, 352, 509.) Plaintiff then argues that "[a]s the ALJ does not discuss these GAF scores or give them any weight determination[,] and as these scores are assessed by treating physicians and therapists, the ALJ has essentially rejected the opinions of treating sources implicitly." (Dkt. # 13 at 4.) However, the ALJ *did* discuss the GAF scores, noting that Plaintiff "was rated as 50" and acknowledging that "a 'GAF' score of 50 represents serious symptoms." (R. at 31.) The ALJ then went on to explain why the GAF scores did not mandate a finding of disability given the other evidence in the record. (*See id.*) Specifically, the ALJ explained that Plaintiff was not compliant with his medication or therapy visits, experienced remission of symptoms when compliant and worsening of symptoms when not compliant, engaged in ongoing methamphetamine and marijuana use, had an IQ in the average range, and evinced only mild or moderate impairment on other psychological tests. (*Id.*) The ALJ also relied on the wide spectrum of daily activities in which Plaintiff engaged routinely, the conclusions of a consultative mental status examination, the absence of any evidence of decompensation, Plaintiff's eventual self-report of mood stability, and his doctors' notations of clinical stability. (R. at 31-32.) Plaintiff does not dispute any of this evidence, and fails to argue that it does not constitute substantial evidence. (*See* Dkt. # 13 at 3-4.) Thus, the Court finds no error.

Second, Plaintiff argues that the ALJ rejected the opinion of one of Plaintiff's examining physicians "by indicating that the doctor had 'no records to review,'" even though

that physician did, in fact, review records. (Dkt. # 13 at 4 (quoting R. at 33).) Plaintiff's argument, however, is factually incorrect. The ALJ rejected the opinion of the physician in question because Plaintiff "was not forthright to [the physician] regarding his polysubstance dependence" and the physician "had no records to review *to know otherwise*." (R. at 33 (emphasis added).) Thus, the ALJ did not reject the physician's opinion because he had no records, but rather because the physician was unaware of the extent of Plaintiff's substance abuse. Indeed, the ALJ explicitly pointed out that Plaintiff "stated he had not used methamphetamine for several years and only occasionally used marijuana, which is inconsistent with the records showing ongoing use of both substances." (*Id.*) Additionally, the ALJ rejected the physician's opinion because Plaintiff "reported having extremely limited activities of daily living to the psychological evaluator, which are not consistent with his prior statements in the record that show the claimant was active." (*Id.*) As above, Plaintiff does not dispute any of the evidence on which the ALJ relied or otherwise argue that it does not constitute substantial evidence. (*See* Dkt. # 13 at 4-5.) Thus, the Court finds no error.

## CONCLUSION

The ALJ made no error of law and there is substantial evidence to support the ALJ's denial of benefits.

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Summary Judgment (Dkt. # 11).

**IT IS FURTHER ORDERED** granting Defendant's Cross-Motion for Summary Judgment (Dkt. # 14).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 15th day of October, 2008.

G. Murray Snow
United States District Judge

- 5 -